PAULINE KRIEGMAN AND BEATRICE SELTZER, PLAIN-TIFFS, v. FRANK AMATO, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 11, 1952.

*Mr. Abram A. Golden*, attorney for the defendant.

*Mr. Milton J. Finkelstein* (*Mr. Julius Stein*, appearing), attorney for the plaintiffs.

CONLON, J. C. C.   The defendant moves by virtue of *Rule* 7:6–1(*b*) (as amended January 1, 1952) to transfer the action to the Superior Court from the Essex County District Court where it was instituted.   Since an application of this nature is frequently granted as a matter of course and it has been concluded that this motion should be denied, and since a resolution of the issue involves to some extent the discretion of the court, it becomes necessary to consider the factual situation set forth in the moving papers of the defendant which include affidavits, a copy of the lease which is the subject of the suit, and the pleadings filed in the district court.

On March 30, 1951, the parties entered into a written lease whereby the plaintiffs rented to the defendant the store and rear room on the first floor of premises No. 44 Broadway, Newark, New Jersey, for a term of two years from April 1,

1951, to March 31, 1953, at a monthly rental of $160 per month. The lease contained the following pertinent provision:

"FIFTH: That the Tenant shall not assign this agreement, or underlet or underlease the premises or any part thereof, or occupy or permit or suffer the same to be occupied for any business or purpose deemed disreputable or extra-hazardous on account of fire, under penalty of damages and forfeiture. Landlord's permission to assign shall not be unreasonably withheld."

By the defendant's own admission, on or about July 1, 1951, due to the physical limitations of the premises, the defendant moved across the street where he entered into a lease for eight years. However, he continued to pay the monthly rent for the premises here involved until and including the month of February, 1952. Thereupon the plaintiff instituted suit in the Essex County District Court for the rent for the month of March, 1952, and some other items of damage. The defendant filed an answer setting up two separate defenses: (1) that the plaintiffs had unreasonably withheld the consent to an assignment of the lease, and (2) that there had been a mutual surrender of the lease.

In addition to his answer the defendant filed a counterclaim in two counts claiming compensatory damages of $10,000 and punitive damages of $10,000 on each count. It is somewhat difficult to epitomize the gravamen of the action set forth in the counterclaim. The first count seems to involve the actions of the plaintiffs in the leased premises on or about March 12, 1952, and in effect charges willful and fraudulent abuse of process. The second count, without relating thereto any actions of the plaintiffs, alleges that the "acts and conduct of the plaintiffs and aforesaid persons constitute a violation of the aforesaid federal statute, commonly known as the Civil Rights Act."

During the oral argument defendant admitted that his counterclaim was contingent on his being a tenant on March 12, 1952. In other words, if he is successful in establishing that the lease had been terminated as of March 1, 1952, by

the landlord's breach or by mutual surrender, his cause of action must necessarily fail, because his counterclaim is based essentially upon the plaintiffs' invasion of his rights as a tenant.

In applying *Rule* 7:6–1(*b*) to the facts herein presented the following elements must be considered: (1) that the counterclaim is filed in good faith and not for the purpose of delay; (2) that there is reasonable cause to believe that the counterclaim is founded on fact; and (3) that there is reasonable chance for success upon the trial of the same.

This court must be reluctant to preclude a defendant from pursuing a counterclaim, particularly in view of the holding of the Appellate Division in *Ritepoint Co. v. Felt,* 6 *N. J. Super.* 219 (*App. Div.* 1950) wherein it was held that "in the absence of evidence indicating that the counterclaim has been interposed for the purpose of thwarting a just and expeditious disposition of the plaintiffs' claim, such application tending to avoid piecemeal adjudication should be liberally entertained by the Superior Court."

Evaluated by the foregoing principles, this application must be denied. The suit for rent in the district court and the defenses interposed thereto present a simple issue. The determination of that issue may very well dispose of the counterclaim. The specious nature of the counterclaim is such that an expeditious disposition thereof might require a separate trial since the issues raised by it seem only to confuse the issues of the main case. In addition, this court is forced to the conclusion that the counterclaim is interposed not in good faith but rather for the purpose of delaying and confusing the trial of the main suit. By a denial of this motion the defendant is not precluded from pursuing his remedy, if any, in this court.

The situation presented is not one contemplated by the rule providing for the transfer of a district court case to the Superior Court for the purpose of avoiding piecemeal adjudication.

The motion is denied.